# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| LAURIE BORDOCK, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) No. 10-4125-CV-C-FJG |
| | ) |
| OATS BUS COMPANY, | ) |
| | ) |
|        Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion to Dismiss or in the Alternative Motion for A More Definite Statement (Doc. # 7).

### I. BACKGROUND

Plaintiff in her Complaint alleges that she is not allowed to ride on buses operated by the Oats Bus Company in either Branson or Kimberling City, Missouri because she complained about one of their drivers. Plaintiff states that she wants to sue the company for a civil rights violation. Defendant filed a Motion to Dismiss stating that plaintiff had failed to provide any meaningful facts in her Complaint and had instead alleged only improper conduct on defendant's part. Alternatively, defendant moves the Court to direct plaintiff to file an Amended Complaint setting forth more specific factual allegations. Plaintiff failed to respond to the Motion to Dismiss. On October 6, 2010, the Court issued an Order to Show Cause directing plaintiff to respond to the Motion to Dismiss. Plaintiff filed a response on October 8, 2010 stating that it is a civil rights violation to throw people off of public transportation for no reason. Plaintiff states that she refused to tolerate the verbal abuse of the driver and she complained to the bus

company. Plaintiff states that the bus company did not appreciate her complaints and then barred her from using their bus system.

## II. STANDARD

> Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plaint statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)(citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 570). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal quotations omitted). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

McNeil v. Missouri Annual Conference of United Methodist Church, No. 2:10-CV-04154-NKL, 2010 WL 3732191,*3 (W.D.Mo. Sept. 20, 2010). "Although civil rights pleadings are construed liberally, 'the complaint must contain facts which state a claim as a matter of law and must not be conclusory.'" Orr v. Missouri, No. 2:10-CV-04019-NKL, 2010 WL 2629557 (W.D.Mo. June 28, 2010) (quoting Frey v. Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)).

Fed.R.Civ.P. 12(e) states in part, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." In Dillon v. Brown County, Nebraska, No. 8:02CV108, 2003 WL 820570, (D.Neb. Mar. 3, 2003), the Court stated,

> [a] motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. . . . Motions for a more definite statement are rarely granted, however, in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides. . . .
>
> Motions under Rule 12(e) are designed to strike at unintelligibility in a pleading rather than want of detail.

Id. at *4 (internal citations and quotations omitted).

### III. DISCUSSION

In the instant case the Court finds that plaintiff has failed to include any factual detail in her Complaint. Plaintiff states that she wants to sue defendant for a civil rights violation, but does not state under what statute she is bringing suit or even how she believes the company violated her civil rights. It is unclear from reading the Complaint exactly what the plaintiff is alleging against the defendant. Therefore, the Court hereby **GRANTS** defendant's Motion for a More Definite Statement (Doc. # 6). Plaintiff shall file an Amended Complaint which more clearly states her claims on or before **November 5, 2010**. If plaintiff fails to file an Amended Complaint, her case will be dismissed.

### IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** defendant's Motion for a More Definite Statement (Doc. # 6). Plaintiff shall file an Amended Complaint on or before **November 5, 2010**.

Date: 10/20/10   **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri   Fernando J. Gaitan, Jr.
    Chief United States District Judge

3